IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALISA MCKENNA ROGERS,<br>INDIVIDUALLY AND AS<br>REPRESENTATIVE OF THE ESTATE<br>OF ARREN JANELLE ROGERS,<br>DECEASED<br>        Plaintiff, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. <u>3-21-CV-00013</u> |
| | § | |
| KIA MOTORS AMERICA, INC. AND<br>SPLASHES CAR WASH, INC. D/B/A<br>SPLASHES CARWASH AND LUBE<br>CENTER A/K/A SPLASHES OF<br>SILVERLAKE<br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## KIA MOTORS AMERICA, INC.'S
## NOTICE OF REMOVAL

TO UNITED STATES DISTRICT JUDGE JEFFREY V. BROWN:

     COMES NOW Kia Motors America ("KMA"), defendant in a cause styled: No. 110455-CV; *Alisa McKenna Rogers, Individually and as Representative of the Estate of Arren Janelle Rogers, Deceased v. Kia Motors America, Inc. and Splashes Car Wash, Inc. d/b/a Splashes Carwash and Lube Center a/k/a Splashes of Silverlake.;* in the 239th District Court, Brazoria County, Texas and, pursuant to the terms and provisions of 28 U.S.C. §§ 1441(a) and 1446(b), hereby files this Notice of Removal of said cause to the United States

1

District Court for the Southern District of Texas, Galveston Division.   As grounds for

removal, KMA respectfully shows the Court as follows:[1]

# I.
## NATURE OF THE CASE AND BASIS FOR REMOVAL

Plaintiff originally filed this lawsuit on November 13, 2020 in Brazoria County

District Court against Defendants KMA and Splashes Car Wash, Inc. d/b/a Splashes

Carwash and Lube Center a/k/a Splashes of Silverlake ("Splashes").[2]  Plaintiff alleges that

Plaintiff's decedent, Arren Janelle Rogers, was operating a 2008 Kia Spectra (VIN#

KNAFE122985577654) (the "Subject Vehicle") on June 16, 2019 on FM 2234 in Missouri

City, Texas.[3]  Plaintiff further alleges Arren lost control of the Subject Vehicle, struck a

barricade, then struck two other vehicles.[4]  According to the Crash Report, the Subject

Vehicle ("unit one") actually struck two separate barricades before colliding with the other

vehicles.[5]

> **Investigator's Narrative Opinion of What Happened**
> **(Attach Additional Sheets If Necessary)**
> Driver of unit two stated she was traveling east on FM 2234 near
> Moffitt road when she observed unit one ahead of her traveling
> west. Driver of unit two stated she observed unit one lose
> control and strike the barricade on the south side of the road
> then strike the barricade on the north side of the road.  Driver
> of unit two stated after striking both barricades unit one came
> into her lane side swiping her vehicle causing her to lose
> control of her vehicle.Driver of unit three stated he was
> traveling east on FM 2234 near Moffitt when he heard a collision
> ahead but did not see it do to heavy rain. Driver of unit three
> stated after hearing the collision he observed unit one spinning
> out of control in front of him causing the collision.

---

[1] KMA attaches as Exhibit A to this Notice of Removal its Index of Matters Being Filed that includes the docket sheet of the underlying state court action and all pleadings, motions and orders filed in the state court action.  A copy of the Certificate of Interested Persons and Rule 7.1 Disclosure Statement is attached as Exhibit B.
[2] Ex. A-2.
[3] *Id.*, ¶¶ 4.1 – 4.4.
[4] *Id.*, ¶ 4.4.
[5] Ex. C. (Crash Report).

161894

Arren died as a result of accident.[6]

Plaintiff asserts product liability claims against KMA for the alleged wrongful death of Arren.[7] These includes claims sounding in strict liability, negligence, misrepresentation, and breach of warranty. Plaintiff seeks actual damages.[8] In addition, Plaintiff seeks exemplary damages alleging that KMA acted with malice and was grossly negligent.[9]

Plaintiff served KMA on December 23, 2020.[10] KMA filed its Original Answer in state court on January 19, 2021.[11]

The basis for removal is diversity jurisdiction. The only ground for defeating diversity jurisdiction is the presence of Splashes, a Texas corporation.[12] As shown below, Plaintiff improperly joined Splashes, and removal is not precluded by the "forum defendant rule." There is complete diversity between Plaintiff and the only properly joined defendant – KMA.

KMA timely removes this case within 30 days of it being served.

Pursuant to 28 U.S.C. § 1441, KMA removes this action to the District Court of the United States for the district and division embracing the county where this state court action is pending.

KMA will serve written notice of the removal on Plaintiff and a copy will be filed with the Brazoria County District Clerk promptly after this Notice of Removal is filed.

---

[6] *Id.*
[7] Ex. A-2, ¶¶ 5.1 – 5.18.
[8] *Id.*, ¶¶ 5.1 – 5.15.
[9] *Id.*, ¶¶ 5.16 – 5.17.
[10] Ex. A-7.
[11] Ex. A-8.
[12] Ex. A-2, ¶ 1.3

161894

This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because KMA satisfied the procedural requirements for removal.   And as demonstrated below, this Court has subject matter jurisdiction over this diversity action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and the only properly joined parties are citizens of different states.

## II.
## DIVERSITY JURISDICTION

In support of this Notice, KMA shows that because: (1) the amount in controversy exceeds $75,000.00,[13] and (2) Plaintiff and KMA are citizens of different states, there is complete diversity of citizenship.[14]   Thus, removal is proper because the diversity requirements are met, this removal is filed within thirty (30) days of receiving service of suit, and it has been less than one year since this action was originally commenced. *See* 28 U.S.C. § 1446(b)-(c).

### A.      The amount in controversy exceeds $75,000.

In her petition, Plaintiff does not allege a specific amount of monetary relief she is seeking – in violation of Texas Rule of Civil Procedure 47(c).[15]   Nevertheless, the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction for three reasons.

First, in the Case Information Sheet Plaintiff's counsel filed along with Plaintiff's petition, he acknowledged that Plaintiff was seeking damages in excess of $1 million.[16]

---

[13] *See* Section II(A), *infra.*
[14] *See* Section II(B), *infra.*
[15] Ex. A-2.
[16] Ex. A-3

4

| 4. Indicate damages sought (*do not select if it is a family law case*): |
| --- |
| ☐ Less than $100,000, including damages of any kind, penalties, cost |
| ☐ Less than $100,000 and non-monetary relief |
| ☐ Over $100,000 but not more than $200,000 |
| ☐ Over $200,000 but not more than $1,000,000 |
| ☒ Over $1,000,000 |

Second, Plaintiff asserts a claim for the wrongful death of Arren.[17]   Courts consistently hold that a petition facially meets the amount in controversy requirement when it asserts a claim for wrongful death.

In determining whether Plaintiff's claims exceed the jurisdictional amount, the test is "whether the amount of the claim will more likely than not" exceed $75,000.  *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  A defendant may carry its burden by showing that it is facially apparent from the petition that plaintiff's claims are likely to exceed $75,000 or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed $75,000.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 1998).

The Fifth Circuit has repeatedly found that it is facially apparent that the amount in controversy standard is satisfied when the plaintiff asserts a wrongful death claim.

> ***We conclude that it is facially apparent that each plaintiff's wrongful death claim satisfies the amount in controversy requirement.***  In the complaint, the plaintiffs, the children of Mr. Menendez, seek damages for their personal injuries, including their mental pain and suffering, sustained as a result of Mr. Menendez's death. Further, plaintiff Adelfa Mancillas de Menendez, the wife of Mr. Menendez, seeks damages for loss of companionship and

---

[17] Ex. A-2, ¶¶ 7.3 – 7.4.

161894

> consortium. These allegations, taken on their face, establish that the
> amount in controversy requirement is satisfied. *See De Aguilar v.
> Boeing Co.,* 11 F.3d 55, 57 (5th Cir.1993) (holding that, based on the
> face of the complaint, the plaintiffs' claims for wrongful death
> exceeded the $50,000 amount in controversy threshold) . . . .

*Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 67 (5th Cir. 2010) (emphasis

added); *see Fire Ins. Exch. v. Target Corp.*, CIV.A. H-08-1786, 2008 WL 3049896, at *3

(S.D. Tex. Aug. 1, 2008) ("Willis's Initial Pleading asserting negligence, products liability,

and wrongful death causes of action arising from a substantial fire in her home, along with

the extensive list of actual and exemplary damages she is seeking, affirmatively reveals on

its face that the amount in controversy is substantially in excess of $75,000."); *Brown v.

James Constr. Group L.L.C.*, 3:19-CV-01060, 2019 WL 6652097, at *2 (W.D. La. Nov.

20, 2019), *report and recommendation adopted*, 3:19-CV-01060, 2019 WL 6652400

(W.D. La. Dec. 5, 2019) ("Plaintiff is seeking recovery for wrongful death and survival

damages, and therefore, it is manifest that the amount in controversy exceeded $75,000 at

the time of removal.").

Plaintiff sues for wrongful death damages (and survival damages).[18]  Accordingly,

it is facially apparent that the amount in controversy exceeds $75,000.

Third, Plaintiff asserts a claim for exemplary damages.[19]  Plaintiff's claim for

exemplary damages, standing alone, puts the amount in controversy in excess of $75,000.

Punitive damages are included to reach the amount in controversy requirement if, "under

the governing law of the suit, they are recoverable." *Bell v. Preferred Life Assur. Soc. of*

---

[18] Ex. A-2, ¶¶ 7.2 – 7.4.
[19] *Id.*, ¶ 5.16 and "Prayer".

6

161894

*Montgomery, Ala.,* 320 U.S. 238 (1943); *Dow Agrosciences LLC v. Bates*, 332 F.3d 323,

326 (5th Cir. 2003); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th

Cir. 1998).  Courts in the Southern District have repeatedly held that even when the amount

of exemplary damages is unspecified, the request for such damages will effectively raise

the amount in controversy above $75,000 because the applicable statutory cap on

exemplary damages (TEX. CIV. PRAC. & REM CODE § 41.008) allows for an award greater

than $75,000.

> Moreover, Plaintiffs are seeking exemplary damages. . . . Such
> damages are certainly recoverable under Plaintiffs' fraud claim. *See*
> Tex. Civ. Prac. & Rem. Code § 41.003(a)(1). Plaintiffs could receive
> up to two times the amount of economic damages plus an amount
> equal to any noneconomic damages not to exceed $750,000; or
> $200,000, whichever is greater. *See* Tex. Civ. Prac. & Rem. Code §
> 41.008(b)(1). Therefore, for the reasons stated above, the Court finds
> that it is "facially apparent" from Plaintiffs' Amended Petition that the
> amount in controversy is more than $75,000.

*Guerrero v. GMAC Mortgage, LLC*, CV L-09-0098, 2010 WL 11652371, at *4 (S.D. Tex.

Dec. 3, 2010), *report and recommendation adopted*, 2011 WL 13324465 (S.D. Tex. Nov.

30, 2011); *see List v. PlazAmericas Mall Tex., LLC*, CV H-18-4810, 2019 WL 480130, at

*2 (S.D. Tex. Feb. 7, 2019) (same); *Jasso v. State Farm Lloyds*, 1:15-CV-203, 2015 WL

13674737, at *3 (S.D. Tex. Dec. 31, 2015), *report and recommendation adopted*, 2016 WL

10788075 (S.D. Tex. Jan. 19, 2016) (same); *White v. Safeco Ins. Co. of Indiana*, CV H-10-

4063, 2011 WL 13254063, at *4 (S.D. Tex. Feb. 7, 2011) (same).

Given Plaintiff's claim for wrongful death and request for exemplary damages, it is

facially apparent that the amount in controversy exceeds $75,000.

**B.       There is complete diversity of citizenship.**

Plaintiff alleges she resides in Houston, Texas.[20]

Plaintiff does not specifically allege the citizenship of KMA in her petition but concedes it "is a foreign company."[21]   KMA represents that it is a corporation organized under the laws of the State of California, with its principal place of business in Irvine, California.

Plaintiff Splashes "is a company authorized to do business" in Texas. . . ."[22] Splashes is a corporation organized under the laws of the State of Texas.  However, as shown below, Splashes is improperly joined and, consequently, its citizenship is not considered for purposes of assessing diversity jurisdiction.

**1.       The standard for improper joinder.**

In *Smallwood*, the Fifth Circuit reaffirmed the two ways to establish improper joinder, including:

> "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Only the second way is before us today, and we explained in *Travis v. Irby* that the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is ***no reasonable basis*** for the district court to predict that the plaintiff might be able to recover against an in-state defendant.   ***To reduce possible confusion, we adopt this phrasing of the required proof and reject all others***, whether the others appear to describe the same standard or not.

---

[20] Ex. A-2, ¶ 1.1.
[21] *Id.*, ¶ 1.2.
[22] *Id.*, ¶ 1.3.

*Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (emphasis added); *see Probasco v. Wal-Mart Stores Texas, L.L.C.*, 766 Fed. Appx. 34, 36 (5th Cir. 2019) (citing same); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

Under the second prong, the standard is whether the defendant has demonstrated that there is <u>no reasonable basis</u> to predict that the plaintiff might be able to recover against the in-state defendant. "[A] removing defendant [need not demonstrate an absence of *any possibility* of recovery in state court] . . . the defendant must demonstrate only that there is *no reasonable basis* for predicting that the plaintiff will recover in state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original). A "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000); *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (same, citing *Ross*).[23]

To determine whether there is a reasonable basis to recover under state law, under the second prong, the Fifth Circuit outlined two separate methods.

> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. ***A court may resolve the issue in one of two ways.*** The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. . . . That said,

---

[23] In considering whether a plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is limited to the causes of action and allegations asserted in the petition on file at the time of the removal. *See Rubin v. DaimlerChrysler Corp.*, Civ. Action No. H-04-4021, 2005 WL 1214605, at *2 (S.D. Tex. May 20, 2005). "Post-removal filings may not be considered, however, when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999); *see Alonso ex rel. Estate of Cagle v. Maytag Corp.*, 356 F.Supp.2d 757, 761 (S.D. Tex. 2005) (noting that although court may consider post-removal evidence, it may not consider new theories or causes of action).

there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. ***In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry***.

*Smallwood*, 385 F.3d at 573 (emphasis added).   KMA briefly discusses the standards for each method.

### a.   Improper joinder based on a Rule 12(b)(6) analysis.

When considering improper joinder, federal pleadings standards apply. *International Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016); *Bermudez v. Indem. Ins. Co. of N. Am.*, 4:20-CV-538, 2020 WL 6202678, at \*2 (E.D. Tex. Oct. 22, 2020); *Holmes v. Allstate Vehicle & Prop. Ins. Co.*, 1:19-CV-00420, 2020 WL 6791514, at \*4 (E.D. Tex. Jan. 8, 2020).   *Twombly* and *Iqbal* provide the parameters for federal pleading standards.

First, the district court should identify and disregard "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *see also Rios v. City of Del Rio,* 444 F.3d 417, 420-21 (5th Cir. 2006) (explaining that pleadings must contain either direct allegations on every material point necessary to sustain a recovery or else contain allegations from which an inference fairly may be drawn that sufficient evidence will be introduced at trial); *see Cook v. City of Tyler*, 402 F.Supp.3d 339, 341 (E.D. Tex. 2019), *appeal dismissed sub nom.*, 974 F.3d 537 (5th

Cir. 2020) (stating "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"); *see Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failure to state a claim, however, *a plaintiff must plead specific facts, not mere conclusory allegations*.   We will thus not accept as true conclusory allegations or unwarranted deductions of fact.").   Stated simply, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Next, the district court "consider[s] the factual allegations in [the plaintiffs'] complaint to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681; *Wooten v. Roach*, 431 F.Supp.3d 875, 885 (E.D. Tex. 2019); *Beeler-Lopez v. Dodeka, LLC*, 711 F.Supp.2d 679, 680 (E.D. Tex. 2010).

### b.      Improper joinder based on piercing the pleadings.

A summary inquiry is appropriate when the face of the pleadings appears to support joinder, but certain jurisdictional facts are misstated or omitted. *Smallwood*, 385 F.3d at 573.   In such cases, the court has the discretion to pierce the pleadings and conduct a summary inquiry in order "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-74; *see also B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. 1981) (evidentiary hearing appropriate where removing party contends plaintiff's pleadings contain misrepresentations of jurisdictional fact).   Summarily stated:

> [T]he court may 'pierce the pleadings' and consider 'summary judgment-type' evidence in those cases in which the 'plaintiff has

11

> stated a claim but has misstated or omitted discrete facts that would
> determine the propriety of joinder.'

*Smith v. Robin Am., Inc.*, 2009 WL 2485589, at \*2 (S.D. Tex. Aug. 7, 2009) (quoting *Smallwood*); *see also Badon v. RJR Nabisco, Inc.*, 224 F.3d at 390; *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992) ("A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties.").

The removing party may submit evidence outside the pleadings in order to establish that a plaintiff has no reasonable basis to expect recovery from the resident defendant. *Badon v. RJR Nabisco, Inc.*, 224 F.3d at 390. For example, a defendant may submit affidavits and deposition transcripts in support of its removal petition. *B., Inc.*, 663 F.2d at 549; *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). District courts may consider summary judgment-type evidence to identify "discrete facts" that would show that a defendant was improperly joined. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. Appx. 911, 915-916 (5th Cir. 2009); *Smith*, 2009 WL 2485589 at \*2.

Applying the Rule 12(b)(6) standard, it is clear that Plaintiff has no reasonable basis for recovering on her claims against Splashes.

### 2. Splashes is improperly joined.

Plaintiff alleges the Subject Vehicle was taken to Splashes "for a safety inspection approximately 3000 miles before the accident and the rear tire tread depth was at a dangerous and unacceptable level."[24] Plaintiff maintains Arren lost control of the Subject

---

[24] Ex. A-2, ¶ 6.1.

12

161894

Vehicle due to "weather conditions and tire wear."[25]   Plaintiff alleges "Splashes was negligent in that:

      a.      they failed to properly inspect the tread depth and warn of danger.

      b.      they failed to inform decedent of family that the tread depth was in a dangerous condition.

      c.      they failed to require the tire be replaced or suggest replacement to decedent and or the family allowing the vehicle back on the road."[26]

In addition, Plaintiff alleges "the failure to perform a proper inspection and discover the worn tread was a breach of the implied warranty of good and workmanlike performance of services."[27]

      Plaintiff does not allege Splashes altered or modified any tire on the Subject Vehicle and that alteration/modification contributed to the accident.  She only alleges that Splashes had the opportunity to discover and warn of the supposedly low tread.  Plaintiff alleges tortious conduct by omission rather than commission.  This is important because, as a matter of law, there is no claim for negligently servicing a vehicle that does not alter or modify the product.

---

[25] *Id.*, ¶ 4.4.
[26] *Id.*, ¶ 6.1.
[27] *Id.*, ¶ 6.2.

161894

a.   **Plaintiff has no reasonable probability of recovery on her negligent servicing claims.**

In the context of removal, courts in the Southern District have repeatedly denied motions to remand when the only claim against the in-state defendant was for supposed negligent servicing of a product. This Court held the same last July.

> ***Courts have repeatedly rejected Texas state-law claims against post-sale providers for negligent maintenance, repair, and service.*** *See Selexman v. Ford Motor Co.*, No. CIV.A. H-14-1874, 2014 WL 6610904, at \*4 (S.D. Tex. Nov. 20, 2014) ("Texas law does not impose a duty on a post-sale automobile servicer to detect pre-existing design defects during a routine visit for maintenance or repairs."); *State Farm Lloyds v. Polaris Indus., Inc.*, No. CIV.A. 6-12-19, 2012 WL 3985128, at \*3 (S.D. Tex. Sept. 11, 2012) (dismissing a post-sale failure-to-warn negligence claim against a servicing dealer); *Rubin v. Daimlerchrysler Corp.*, No. CIV.A. H044021, 2005 WL 1214605, at \*9 (S.D. Tex. May 20, 2005) (dismissing negligence claims based on routine post-sale service). In short, Texas law does not impose a duty on post-sale servicing companies like Brookside to warn about an alleged product defect. So the Garcias have no reasonable chance of recovery against Brookside for their state-law negligence claims.

*Garcia v. Deere & Co.*, 3:20-CV-0095, 2020 WL 4192894, at \*2 (S.D. Tex. July 21, 2020); *see id.* at \*3 (denying remand motion) (emphasis added).

In *Rubin*, Judge Rosenthal held the plaintiff failed to state a claim for negligent servicing, and denied his motion to remand, because he did not allege the defendant negligently performed service work that altered the vehicle.

> Rubin did not allege that the in-state defendants "manufactured" the 1999 Jeep or that any of the service performed by Crown Jeep ***altered the vehicle so as to cause the accident. Rather, Rubin alleged only that the routine service performed by the in-state defendants provided them an unused opportunity to warn about the propensity of the gear shift to appear to be in "park" when it was in "reverse."*** Rubin did not allege facts or a legal theory that would permit the in-state defendants to be liable under state law for negligently

14

161894

> performing service work that altered the design on manufacture of the gear shift lever and contributed to cause the accident.

*Rubin*, 2005 WL 1214605, at *9; *id.* at *11 (denying motion to remand and concluding removing defendants showed plaintiff had no reasonable basis of recovery against in-state defendants).

In *Polaris Indus., Inc.*, a subrogation case, the plaintiff sued an out-of-state ATV manufacturer after the ATV caught fire and destroyed the insured's home. The plaintiff also sued an in-state servicer of the vehicle, contending it was negligent in failing to fix an alleged defect. The manufacturer removed the case contending the service provider was improperly joined. Judge Costa agreed and denied the plaintiff's motion to remand.

> State Farm has not alleged that Bosart altered the Ranger or contributed to the cause of the accident. State Farm's allegations constitute little more than the "unused opportunity to warn" that failed to state a viable claim in *Rubin*.

*Polaris Indus., Inc.*, 2012 WL 3985128, at *3.

In *Aguilar v. Michelin Tire N. Am., Inc.*, SA:16-CV-048-DAE, 2016 WL 10519132 at *1 (W.D. Tex. Mar. 23, 2016), the plaintiff sued the out-of-state manufacturers of a vehicle and its tires, after the tread separated on one of the tires resulting in a rollover. The plaintiff also sued several in-state tire shops, alleging negligent service and failure to warn of the tire's condition. *Id.* The vehicle manufacturer removed the case, contending the tire shops were improperly joined. *Id.* The plaintiff moved to remand the case. Relying on *Rubin* and *Polaris*, Judge Ezra denied the remand request.

> . . . Plaintiff has not alleged any facts that the Texas Defendants modified the Vehicle's tires in any way. Instead, Plaintiff's allegations amount only to a failure to inspect, discover, and "warn of any

15

defective or dangerous condition" or a failure to "recommend that the tire be taken out of service." Based on these allegations, the Court finds the reasoning in Polaris is analogous to this case; ***Plaintiff's allegations essentially amount to a failure to warn of latent defects based on the tire's age or recommended inflation levels.***

*Id.* at \*4 (citations omitted) (emphasis added).

Plaintiff does not allege that Splashes altered or modified any tire on the Subject Vehicle and that such alternation/modification contributed to the accident. Plaintiff asserts the exact type of negligent servicing claim that federal courts routinely hold fails to state a claim against an in-state service provider. Plaintiff has no reasonable basis for recovery against Splashes on her negligence claims.

> **b.    Plaintiff has no reasonable probability of recovery on her claim for breach of the "implied warranty of good and workmanlike performance of services."**

Plaintiff also fails to state a cognizable claim against Splashes on her claim for breach of the "implied warranty of good and workmanlike performance of services." Plaintiff actually misstates what the implied warranty is. It is not just an implied warranty of good and workmanlike performance of services generally that applies to any type of service. Rather, the Supreme Court of Texas recognizes "an implied warranty ***to repair or modify*** existing tangible goods or property in a good and workmanlike manner". *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 354 (Tex. 1987) (emphasis added); *see Parkway Co. v. Woodruff*, 901 S.W.2d 434, 438–39 (Tex. 1995) (same); *Archibald v. Act III Arabians*, 755 S.W.2d 84, 85–86 (Tex. 1988) (same); *see also Rogers v. Car Wash Partners, Inc.*, CV H-18-4181, 2019 WL 6526013, at \*4 (S.D. Tex. Dec. 3, 2019) (same).

16

Plaintiff does not allege that Splashes repaired or modified any tire on the Subject Vehicle. For her implied warranty claim, she only complains Splashes failed "to perform a proper inspection and discover the worn tread . . . ."[28] Plaintiff merely restates her negligent servicing claim as a warranty claim. But the Supreme Court of Texas holds that this duty only applies when a defendant has repaired or modified existing tangible property. *Melody Home Mfg. Co.*, 741 S.W.2d at 354. Because Plaintiff does not allege that Splashes repaired or modified the Subject Vehicle, she has no reasonable basis for recovery against Splashes on her warranty claim.

In short, Plaintiff cannot recover against Splashes on any of her claims against it. Plaintiff has improperly joined Splashes and its citizenship is not considered in determining whether diversity jurisdiction exists.

### 3.   The forum defendant rule is inapplicable because Splashes was not properly joined.

Under the "forum defendant rule," 28 U.S.C. § 1441(b)(2), a suit cannot be removed if one of the defendants, who is properly joined and served, is a citizen of the state where suit is filed. Specifically, the statute provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added); *see Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) (holding that forum defendant rule did not

---

[28] Ex. A-2, ¶ 6.2.

bar removal when only properly joined and served defendant was not a citizen of the forum state); *Breitweiser v. Chesapeake Energy Corp.*, 3:15-CV-2043-B, 2015 WL 6322625, at *4 (N.D. Tex. Oct. 20, 2015) (concluding that "section 1441(b)(2) requires service before a forum defendant is considered for forum-defendant rule purposes").

As shown above, Plaintiff improperly joined Splashes.  Accordingly, the forum defendant rules does not preclude removal here.

### III.
### KMA'S NOTICE OF REMOVAL IS TIMELY

Because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between Plaintiff and KMA, KMA is entitled to remove this case to the United States District Court for the Southern District of Texas, Galveston Division. Removal is timely sought because KMA filed this notice within thirty (30) days of KMA receiving service of suit.[29]   *See* 28 U.S.C. § 1446(b); FED. R. CIV. P. 6(a)(1)(C). Additionally, it has been less than one year since this action was originally commenced. *See* 28 U.S.C. § 1446(c).

### IV.
### CONCLUSION

For the reasons stated above, Kia Motors America, Inc. respectfully removes this action now pending against it from the 239th Judicial District Court, Brazoria County, Texas, to this Honorable Court for trial and determination of all issues.

---

[29] *See* Ex. A-7.

161894

Respectfully submitted,

/s/ David R. Montpas
David M. Prichard – Lead Counsel
State Bar No. 16317900
S.D. Tex. ID No. 0616
Email: dprichard@phrichardyoungllp.com

Daniela Gonzáles Aldape
State Bar No. 24036651
S.D. Tex. ID No. 39025
Email: daldape@prichardyoungllp.com

David R. Montpas
State Bar No. 00794324
S.D. Tex. ID No. 25667
Email: dmontpas@prichardyoungllp.com

PRICHARD YOUNG LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7400 – Telephone
(210) 477-7450 – Facsimile

**ATTORNEYS FOR DEFENDANT
KIA MOTORS AMERICA, INC.**

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served in accordance with the Federal Rules of Civil Procedure this 22nd day of January 2021, to the following counsel of record:

Joseph E. Ritch
jritch@elliottritch.com
Stephen J. Chapman
schapman@elliottritch.com
Elliott and Ritch, LLP
321 Artesian Street
Corpus Christi, TX 78401

/s/ David R. Montpas
David R. Montpas

19